THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| **KIRK DAVIS, on behalf of himself,** ) <br> **and all others similarly situated,** ) <br>  ) <br> **Plaintiff,** ) <br>  ) <br> v. ) <br>  ) <br> **NATIONAL PLAN ADVISORS, INC.,** ) <br> **a/k/a AMERICAN HEALTH REFORM** ) <br> **SOLUTIONS, LLC, a/k/a SYNERGY** ) <br> **MARKETING ASSOCIATES, INC.** ) <br>  ) <br> **Defendant.** ) | **CASE NO.:**_____ <br><br> **JURY DEMAND** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Kirk Davis by and through his undersigned counsel, brings this collective action against Defendant, National Plan Advisors, Inc. (a/k/a Synergy Marketing Associates, Inc. d/b/a National Plan Advisors, Inc., and/or a/k/a American Health Reform Solutions, LLC) for himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant, National Plan Advisors, Inc. ("NPA") is a corporation conducting business in the State of Florida. Upon information and belief, the other entities named in the style of this complaint, Synergy Marking Associates, Inc.[1] and American Health Reform Solutions, LLC are the same or related entities (e.g. parent, subsidiary, related, or d/b/a entities) of NPA, and are herein referred to collectively as "Defendant."

2. Plaintiff currently resides in Sunrise, Florida.

---

[1] *See, e.g., Mittelmark v. Synergy Marketing Associates Inc. d/b/a National Plan Advisors*, Civil Action No. 18-cv-62402-BB (S.D. Fla. Oct. 9, 2018) (Compl.).

SALAS LAW FIRM, P.A.

3. At all times material to this action, Plaintiff was employed by Defendant at its Fort Lauderdale, Florida locations (3403 Powerline Road, Suite 805, Ft. Lauderdale, Florida; 3403 NW 9th Avenue, Ste 805, Oakland Park, Florida 33309; and possibly other(s)).

4. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and specifically the collective action provision of the Act found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage and hour provisions of the FLSA by Defendant which has deprived Plaintiff and others similarly situated to Plaintiff of their lawful wages.

5. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiff and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendant has had a uniform policy and practice of consistently paying employees as independent contractors, even though the employees are, as a matter of economic reality, employees.

6. Defendant sells and markets health insurance plans, through its fronters and insurance agents, to insureds/customers and prospective insureds/customers in Florida as well as all or most of the other U.S. States, including Georgia, Alabama, Texas, and Oklahoma.

7. Plaintiff, like other similarly situated persons, was employed with Defendant in the position of "fronter." Defendant tasked fronters with calling and contacting persons throughout the United States and selling, and/or referring them to Defendant's insurance agents, for sale and marketing of health insurance plans, including under the Affordable Care Act and for Medicare, including during the ACA's open enrollment periods.

8. Fronters were independent contractors in name only, including because Defendant, through its agents (like Gareth Rees, Mario Sanchez, Chris Hernandez and Carmel Sanchez):

controlled the manner in which the fronters' work was to be performed; fronters did not control their profit or loss based upon their skill level; the fronters invested little to none of their own monies in equipment, materials, or paying fronters' own employees; there was no special skill required to complete the job of fronter; the fronters were expected to be present at Defendant's offices every day of the working week (Monday-Friday and sometimes more, often in excess of 40-hours per week); and, the fronters were economically dependent on the employment.

9. Fronters, like other employees and purported independent contractors (according to Defendant), engaged in work that involved interstate commerce, produced goods or services for interstate commerce, and/or Defendant's enterprise/business overall, engaged in interstate commerce or was involved in interstate commerce.

10. Defendant engages in interstate commerce and has yearly gross sales of at least $500,000.00.

11. Whether styled employee or independent contractor by Defendant, Plaintiff and all other similarly situated fronters were, in reality, employees, and who were never paid any overtime and/or were not paid overtime at time-and-a-half for all hours worked in a given work-week in excess of forty (40) hours.  Plaintiff and other similarly situated employees/fronters were not paid overtime compensation despite the fact that they worked more than 40 hours a week, particularly, but not limited to, during open enrollment periods under the Affordable Care Act where fronters would work well in excess of 50 hours per week.  Plaintiff and all other similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Florida, Broward Division, under 28 U.S.C. 1391(b) and 28 U.S.C. § 89(c).

13. Defendant is subject to personal jurisdiction in the State of Florida for purposes of this lawsuit.

14. At all times material to this action, Defendant was and is an enterprise(s) engaged in commerce or in the production of goods and/or services for commerce as defined by § 203(s)(1) of the FLSA.

15. At all times relevant to this action, Defendant was the "employer" of Plaintiff as defined by § 203(d) of the FLSA.

16. At all times material to this action, Plaintiff and others similarly situated were "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of the instant lawsuit.

17. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to Defendant and all other similarly situated fronters who are or were covered by §§ 206 and 207 of the FLSA during their employment by Defendants.

18. At all times relevant to this action, Defendants employed Plaintiff in the capacity of fronter from October, 2018 through April, 2019.

19. Plaintiff and all other similarly situated fronters were required to perform their duties without overtime compensation, including many weeks working over fifty hours during open enrollment for health insurance in October through December each year.

20. Defendant has intentionally failed and/or refused to pay Plaintiff and other fronters rates according to the provisions of the FLSA.

21. Defendant's systems and practices relating to its non-payment of overtime to fronters, which deprive the plaintiffs of any FLSA overtime, have existed for at least three years through Defendant's businesses.

22. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and its own violations of the FLSA. Despite this knowledge, Defendant has failed to pay its employees the amount of pay as required.

23. Defendant has intentionally and repeatedly misrepresented the true status of fronters as independent contractors/1099s to the fronters, as well as the fronters' entitlement to overtime compensation in order to avoid suspicion or inquiry by fronter-employees regarding their entitlement to monies owed to them. Plaintiff, as well as all other similarly situated present and former employees, relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations and Defendant's other attempts to shield itself from liability for overtime.

24. As result of the actions of Defendant in fraudulently concealing the true status of fronters as employees when performing overtime work under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. § 255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least five (5) years. Defendants are estopped from raising such statute of limitations as a bar.

25. There are numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to

join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendants' record. Specifically, all fronters and former fronters of Defendant who have been employed (or suffered to permit work by Defendant and/or similarly situated via job duties of a fronter, however Defendant styled their job title) with Defendant and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

26. Further, Defendant has engaged in a wide-spread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees and former employees, have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

27. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all other similarly situated employees have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

28. In addition to the amount of unpaid wages and benefits owed to the Plaintiff and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U S.C. § 216(b) and prejudgment interest.

29. Defendant's actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees, in violation of the FLSA, were willful.

30. Defendant has not made a good faith effort to comply with the FLSA.

31. Plaintiff, and all other similarly situated, is/are also entitled to an award of attorney's fees pursuant to 29 U.S.C § 216(b).

32. Plaintiff, and all others similarly situated, has/have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this lawsuit for lost overtime and wages,

back-pay, declaratory judgment, compensatory and punitive damages is his only means of securing adequate relief.

33. Plaintiff, and all others similarly situated, is/are now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

34. Plaintiff asserts that there are many fronters, like him, who were unlawfully not paid overtime, who desire to opt-in to this lawsuit, and who are similarly situated with respect to their job requirements and pay.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

i. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all employees in all locations during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of this action, and of their right to opt into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b).

ii. Plaintiff, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.A. § 216(b), and prejudgment interest;

iii. Plaintiff and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action, and other relief as justice may require;

iv. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

v. Enter an Order requiring Defendants to make Plaintiff whole by awarding him front pay, lost wages (plus interest), liquidated, compensatory and punitive damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and

vi. Enter an Order requiring Defendant to make Plaintiff (and likely some others) whole, by awarding incentive awards or service payments consistent with Plaintiff's (and likely some others) service and risk incurred during the course of this collective action litigation.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues when joined.

Respectfully submitted this 8th day of May, 2019.

//s//J.P. Salas Law, P.A.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: michael@jpsalaw.com
Fla. Bar. No. 60859